21724. TOWNSEND et al. v. HODGES.

DUCKWORTH, Chief Justice. This is an ejectment case involving the question of whether or not a small tract of land sometimes known as a part of the "Cynthia Ann Place" was in fact a part of a larger tract known as the "Payne Place" or a part of another tract described in the plaintiff's petition as the property of which the defendants were allegedly in possession. The defendants answered, denying in the main the allegations of the petition, and further alleged that one of the defendants was the owner of the adjoining property of the plaintiff, and the only question in issue was the location of the dividing line between their properties and, if there had been a dispute as to the location of the dividing line, the present line as contended by the defendants has been established by acquiescence and prescription prior to the filing of the petition. The evidence showed further that the dispute in issue resulted from the division of a large tract by a father among his children, one of the defendants still owning

and being in possession of the original tract conveyed to her, and the plaintiff having purchased the property of this defendant's brother which adjoins her property. The case also involves mesne profits and the value of timber cut on the disputed property, the defendants having admittedly cut timber from the property of the defendant who had title. All the property is described by metes and bounds and under fence, hence the question for consideration was the actual location of the boundary and whether or not the defendant had cut timber across the disputed line which belongs to the plaintiff. After a trial the jury found in favor of the plaintiff and also the sum of $500 for timber cut on the premises in dispute, and judgment was entered accordingly. Thereafter the court overruled a motion for new trial as amended after a hearing, and the exception is to this final judgment. *Held:*

1. Contrary to the contentions of the plaintiffs in error, the evidence as to the location of monuments, dividing line, fences, boundaries and possession was in dispute, and the lower court did not err in denying the motion for new trial as to the general grounds, since the evidence made a question for consideration for the jury, and there is evidence to support the verdict.

2. The lower court in charging the jury as to the burden of proof being on the plaintiff as to the allegations of his petition and upon the defendants to establish their affirmative defenses did not err in instructing the jury as to the form of the verdict if they found for the defendants that it should be "We the jury find for the defendant, Mrs. Mamie Lou Townsend, the premises in dispute." This excerpt from the charge would not, as the plaintiffs in error contend, amount to an instruction that the defendants could only recover if the jury believed the preponderance of the evidence was on one or the other of the affirmative defenses raised.

3. The charge as given by the court substantially covered the pleadings and the evidence, hence the defendants should have submitted a timely written request if they desired any additional charges. *Fortson & Co. v. Mikell,* 97 Ga. 336 (22 SE 913); *Carter v. State,* 141 Ga. 308 (3) (80 SE 995); *Davis v. State,* 153 Ga. 154 (4) (112 SE 280). The court did not err in failing to charge specifically upon an alleged quitclaim

deed submitted in evidence without a timely written request, since the charge as given substantially covered the contentions of the parties.

4. Legal title having been shown to have been derived from a common grantor, the only issue remaining was that of the location of the dividing line and, if there had been a dispute as to its location, the line had been established by acquiescence and prescription as contended by the defendants. Thus the court did not err in failing to charge: (a) that it must find legal title to the premises in the plaintiff, or an estate or interest coupled with the present right of entry as against the defendants, and (b) that since both claim under a common grantor, the issue is which claim of title is better.

5. For all the foregoing reasons the court did not err in overruling the amended motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 9, 1962—DECIDED SEPTEMBER 6, 1962.

*Paul J. Jones, Jr., Jones & Douglas,* for plaintiffs in error.
*Nelson & Nelson, James F. Nelson, Carl K. Nelson, Jr., A. S. Boone, Jr.,* contra.