21780. MONROE v. MONROE.

DUCKWORTH, Chief Justice. 1. The evidence failing to show wilful desertion on the part of the defendant for a period of one year prior to the filing of the divorce action, a verdict in favor of the petitioner was unauthorized. *Code* § 30-102 (7).

2. The evidence as to the petitioner's income and ability to earn authorizing the award of alimony in the amount of $20 per week for the wife and $30 per week for the support of the child, the ground of the amended motion for new trial complaining of the excessiveness of the verdict is not meritorious.

3. The charge as given by the court substantially covered the pleadings and the evidence; hence the plaintiff in error should have submitted a timely written request if he desired that additional instructions be given. *Fortson & Co. v. Mikell,*

97 Ga. 336 (22 SE 913); *Carter v. State,* 141 Ga. 308 (3) (80 SE 995); *Davis v. State,* 153 Ga. 154 (4) (112 SE 280); *Townsend v. Hodges,* 218 Ga. 254 (3) (127 SE2d 373). Nor is the charge subject to the complaint that the court unduly stressed the contentions of the defendant. The ground of the amended motion making these complaints is without merit.

4. Although it is not so stated by the court directly in its charge, yet from the manner in which the trial was held and from language in the charge it is apparent that the plaintiff waived or abandoned his action for divorce, and the trial proceeded on the cross-action for divorce and alimony of the wife, and upon the return of the jury stating a finding for both parties for a divorce, the lower court should have realized the jury was confused and instructed the jury further as to how the verdict might be returned. However, the jury, in response to the questions propounded to it by the court, returned a finding for alimony and support for the wife and child, and the written verdict prepared by the court is in effect that of the jury, as the words granting the plaintiff a divorce may be considered surplusage where the disabilities of the plaintiff were removed, particularly where the court was authorized to instruct the jury that the evidence does not authorize a finding of a divorce for the plaintiff. Thus from headnote 1 above the plaintiff is not harmed by the verdict, having been granted more than he is entitled to. For all the reasons stated above the court did not err in overruling the motion for new trial, as amended.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1962—DECIDED OCTOBER 1, 1962.

*William K. Buffington, W. W. Larsen, Jr., Emory Rowland,* for plaintiff in error.

*Nelson & Nelson,* contra.